IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **MARK C. DECKARD, #659726,** | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | 3:05-CV-0517-P |
| | ) | |
| **DOUGLAS DRETKE, Director, Texas** | ) | |
| **Department of Criminal Justice,** | ) | |
| **Correctional Institutions Division,** | ) | |
| Respondent. | ) | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. § 636(b), and an order of the Court, this case has been referred to the United States magistrate judge. The findings, conclusions and recommendation of the magistrate judge are as follows:

FINDINGS AND CONCLUSIONS:

Type of Case: This is a petition for habeas corpus relief brought by a state prisoner pursuant to 28 U.S.C. § 2254.

Parties: Petitioner is currently confined at the Allred Unit of the Texas Department of Criminal Justice -- Correctional Institutions Division (TDCJ-CID) in Iowa Park, Texas. Respondent is the Director of TDCJ-CID.

Statement of Case: Petitioner was convicted of robbery in Judicial District Court Number 3 of Dallas County, Texas, in Cause No. F93-42412-J. (Petition (Pet.) at 2). Following his guilty plea, the district court sentenced him to twenty years imprisonment on July 9, 1993. (Id.).

In this action, Petitioner challenges a prison disciplinary case that he received on July 23,

2004, for possessing contraband in Cause No. 20040322526. (Id. at 5). He received the following punishment as a result of the disciplinary action taken: he lost forty-five days of recreation and commissary privileges, received a reprimand and a reduction in line class from L2 to L3, and lost thirty days of good time credits. (Respondent's Answer at 2). Prior to filing this action, Petitioner filed Step 1 and Step 2 grievances. (Pet. at 5-6 and attachments).

Petitioner thereafter filed this timely § 2254 habeas action. He asserts (1) the disciplinary charge was initiated in conspiracy with other officers, and in retaliation for prior conduct; (2) the disciplinary hearing officer (DHO) failed to acknowledge his cell mate's statement as well as a written statement of documentary evidence; (3) insufficient evidence supported the guilty finding; and (4) he was denied the right to call his cell mate as a witness. (Pet. at 7-8; see also Petitioner's Memorandum in Support).

In response to this court's show cause order, Respondent filed an answer seeking the dismissal of the petition because Petitioner has failed to state a claim for which federal habeas relief can be granted. Petitioner has not objected to Respondent's answer.

Findings and Conclusions: Petitioner's first claim focuses on retaliation and conspiracy as the sole basis for the disciplinary charge at issue in this case. A retaliation claim is not cognizable in a habeas corpus action. See Woods v. Smith, 60 F.3d 1161, 1164-65 (5th Cir. 1995) (analyzing retaliation claim as properly brought in the context of a civil rights action under 42 U.S.C. § 1983, and holding that an inmate is not required to demonstrate favorable termination of the disciplinary case before pursuing the retaliation claim under § 1983); see also Porter v. Eisenberg, 2003 WL 21209575, No. 5:02-CV-263-C (N.D. Tex., Lubbock Div., May

2

21, 2003). The same applies to Petitioner's conspiracy claim.[1]

Petitioner's request for federal habeas relief independent from retaliation and conspiracy fares no better. Federal habeas relief cannot be had "absent the allegation by a [petitioner] that he or she has been deprived of some right secured to him or her by the United States Constitution or the laws of the United States ." Orellana v. Kyle, 65 F.3d 29, 31 (5th Cir. 1995). The instant petition does not present a cognizable basis for habeas corpus relief.

Prisoners charged with rule violations are entitled to certain due process rights under the Fourteenth Amendment when the disciplinary action may result in a sanction that will impinge upon a liberty interest. In Sandin v. Conner, 515 U.S. 472, 115 S. Ct. 2293, 132 L. Ed. 2d 418 (1995), the Supreme Court held that a prisoner's liberty interest is "generally limited to freedom from restraint which, while not exceeding the sentence in such an unexpected manner as to give rise to protection by the Due Process Clause of its own force, nonetheless imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." Id. at 484, 115 S. Ct. at 2300. In Texas, only sanctions that result in the loss of good-time credits for inmates who are eligible for release on mandatory supervision or that otherwise directly and adversely affect release on mandatory supervision will impose upon a liberty interest. See Malchi v. Thaler, 211 F.3d 953, 957-58 (5th Cir. 2000); Madison v. Parker, 104 F.3d 765, 768 (5th Cir. 1997); see also Orellana, 65 F.3d at 31-33; Murphy v. Collins, 26 F.3d 541, 543 & n. 5 (5th Cir. 1994).

---

[1] Insofar as Petitioner complains that the disciplinary charge was false, he may have to show favorable termination before such a claim may be raised under § 1983. See Woods, 60 F.3d at 1165 n. 16 (citing Ordaz v. Martin, 5 F.3d 529 (5th Cir. 1993) (unpublished)); Freer v. Acosta, 2004 WL 524953, No. 5:04-CV-026-C (N.D.Tex., Lubbock Div., March 17, 2004).

Contrary to Petitioner's assertion in his memorandum in support, he is not eligible for mandatory supervision reliease. (Memorandum in Support at 5-8).[2] The mandatory supervision statute in effect at the time of his conviction excepts from mandatory supervision any inmate who was convicted of robbery. See Tex. Pen. Code Ann. § 29.02 (West 1993); Tex. Code Crim. Proc. art. 42.18 § 8(c)(10) (West 1993) (providing that "[a] prisoner may not be released to mandatory supervision . . . if the prisoner is serving a sentence for . . . a second degree felony under Section 29.02, Penal Code (Robbery).").

Because Petitioner is not entitled to early release or mandatory supervision, the loss of good-time credits as a result of the disciplinary action at issue does not affect the fact or duration of his sentence and, therefore, does not deprive him of a liberty interest. Acosta v. Dretke, 2003 WL 22671058, No. 7:02-CV-225-R. (N.D. Tex., Wichita Falls Div., Sep. 22, 2003)

None of the other sanctions, which Petitioner received for the disciplinary action in this case, affects the fact or duration of his sentence, thus depriving him of a liberty interest. Commissary and recreation restrictions do not implicate a protected liberty interest because they do not impose a significant or atypical hardship on the inmate in relation to the ordinary incidents of prison life. Malchi, 211 F.3d 953, 958; Madison, 104 F.3d 765, 768. Similarly the change in Petitioner's custodial status, which affects his earning of good-time credits, does not deprive him of a protected liberty interest. As noted above, Petitioner is not entitled to mandatory supervision. Therefore, any change in his good-time earning status does not affect a protected liberty interest. Even if mandatory supervised release eligible, the Fifth Circuit has

---

[2] Interestingly, the habeas petition concedes Petitioner is not eligible for mandatory supervision release. (Pet. at 5 ¶ 16).

4

held that the effect of a change in a prisoner's good-time earning status on the timing of his release on mandatory supervision was too speculative to afford him a constitutionally cognizable "right" to a particular time-earning status. Malchi, 211 F.3d at 959; Luken v. Scott, 71 F.3d 192, 193 (5th Cir.1995) (recognizing that "[t]he loss of the opportunity to earn good-time credits, which might lead to earlier parole, is a collateral consequence of [an inmate's] custodial status" and, thus, does not create a constitutionally protected liberty interest).

Because none of the sanctions, which Petitioner received for the disciplinary conviction in this case, deprived him of a protected liberty interest, the habeas petition does not implicate due process concerns. Accordingly, it should be denied and dismissed for failing to present a cognizable basis for habeas relief.[3]

---

[3] Insofar as Petitioner contends that the loss of his good-time credits affects his release on parole, he is likewise not entitled to habeas relief. The Fifth Circuit has held that there is no constitutional expectancy in parole in Texas because it is entirely speculative whether a prisoner will be released on parole. Madison, 104 F.3d at 768; see also Malchi, 211 F.3d at 957.

RECOMMENDATION:

For the foregoing reasons, it is recommended that the petition for a writ of habeas corpus be denied.

A copy of this recommendation will be transmitted to Petitioner and counsel for Respondent.

Signed August 29, 2005.

_____
PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

NOTICE

In the event that you wish to object to this recommendation, you are hereby notified that you must file your written objections within ten days after being served with a copy of this recommendation.  Pursuant to Douglass v. United Servs. Auto Ass'n, 79 F.3d 1415 (5th Cir. 1996) (en banc), a party's failure to file written objections to these proposed findings of fact and conclusions of law within such ten-day period may bar a *de novo* determination by the district judge of any finding of fact or conclusion of law and shall bar such party, except upon grounds of plain error, from attacking on appeal the unobjected to proposed findings of fact and conclusions of law accepted by the district court.